UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S. ZODY,<br><br>               Plaintiff,<br><br>         vs.<br><br>MICROSOFT CORPORATION,<br><br>               Defendant. | Case No.: C-12-00942-YGR<br><br>**ORDER GRANTING MOTION FOR ADMINISTRATIVE RELIEF TO FILE DOCUMENTS UNDER SEAL** |

Defendant filed a Motion for Administrative Relief to File Documents Under Seal Pursuant to Civil Local Rules 79-5 and 7-11 ("Motion"). (Dkt. No. 59.) Defendant identifies Exhibits L and N to the Declaration of Lynne C. Hermle in Support of Motion for Evidentiary Sanctions as confidential documents. Exhibit L, which has not been designated by Plaintiff as confidential, contains Plaintiff's medical records. Exhibit N has been designated "Confidential" pursuant to the Protective Order in this action.

Pursuant to Civ. L.R. 79-5(d), Plaintiff filed the Declaration of Shawna B. Casebier Establishing that the Information Designated in Defendant Microsoft Corporation's Motion for Administrative Relief Is Sealable ("Casebier Declaration"). (Dkt. No. 61.)[1] Plaintiff identifies a subset of pages within Exhibits L and N as sealable. Specifically, ECF pages 29–37 of Exhibit L (Dkt. No. 57-4) are sealable because they contain Plaintiff's medical records, which are protected from public disclosure by the right of privacy. In addition, Plaintiff identifies that ECF pages 3–34 & 40 of Exhibit N (Dkt. No. 57-5) are sealable because they contain Plaintiff's private information related to her job search, which is ongoing.

---

[1] In the Motion, Defendant stated that, under Civ. L.R. 79-5(d), Plaintiff had five days in which to file the declaration justifying sealing. This is a misstatement of the rule, which allows seven days.

The Court applies the "good cause" standard to this motion to seal because the Court views the pending Motion for Evidentiary Sanctions to be a non-dispositive motion. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citations omitted); *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009).

Based upon Plaintiff's showing, the Court finds the "good cause" standard is met for the documents identified in the Casebier Declaration, namely ECF pages 29–37 of Exhibit L and ECF pages 3–34 & 40 of Exhibit N. The Court hereby **GRANTS** the Motion as to these documents. The parties are reminded that the lower "good cause" standard will not apply for summary judgment motions or at trial.

Because Defendant has sought to attach these documents to its Motion for Evidentiary Sanctions, Defendant shall comply with General Order 62 with regard to proper filing procedures for the sealed documents. Defendant must e-file these documents under seal by April 25, 2013. Defendant shall also ensure that, by April 25, 2013, the remainder Dkt. Nos. 57-4 and 57-5 (which are currently locked in ECF) are properly filed and publicly accessible.

This Order terminates Dkt. No. 59.

**IT IS SO ORDERED**.

Dated: April 23, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**