UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S. ZODY,<br><br>          Plaintiff,<br><br>     vs.<br><br>MICROSOFT CORPORATION,<br><br>          Defendant. | Case No.: C-12-00942-YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF S. ZODY'S MOTION TO DISMISS MICROSOFT CORPORATION'S AMENDED COUNTERCLAIM, AND GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE CERTAIN OF MICROSOFT CORPORATION'S AFFIRMATIVE DEFENSES** |

Plaintiff has filed a Motion to Dismiss Microsoft Corporation's Amended Counterclaim, and Motion to Strike Certain of Microsoft Corporation's Affirmative Defenses. (Dkt. No. 75.) Defendant opposes the Motion and seeks leave to amend its counterclaim or affirmative defenses if the Court finds the claim or defenses are insufficient. (Dkt. No. 83.) Plaintiff filed a reply in support of her Motion. (Dkt. No. 85.) A hearing is scheduled for June 11, 2013.[1]

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby:

- **GRANTS** Plaintiff's Motion to Dismiss the alleged breach of contract based on paragraphs 2–4 and 7 of the Amended Counterclaim (relying on representations contradictory to the employment agreement);

- **DENIES** Plaintiff's Motion to Dismiss the alleged breach of contract based on paragraphs 5 and 8 of the Amended Counterclaim (non-disclosure of confidential information and return of materials provisions);

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this Motion is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing scheduled for June 11, 2013.

- **STRIKES WITH LEAVE TO AMEND** Defendant's affirmative defense nos. 4, 5, 7, 12, 15, 16, 23, 24, and 28;
- **STRIKES WITHOUT LEAVE TO AMEND** Defendant's affirmative defense nos. 8 (first portion), 19, 20, and 22; and
- **DENIES** Plaintiff's Motion to Strike affirmative defense nos. 3, 8 (second portion), 13, 14, 18, and 21.

## I. BACKGROUND

### A. Defendant's Amended Answer and Counterclaim

Plaintiff's underlying lawsuit alleges violations of the Fair Employment and Housing Act ("FEHA"), breach of contract, breach of the implied covenant of good faith and fair dealing, and constructive discharge in violation of public policy. (Third Amended Complaint [Dkt. No. 33].) Defendant filed an Amended Answer to Plaintiff's Third Amended Complaint for Damages, and Counterclaim on April 8, 2013. (Dkt. No. 65.)[2]

Defendant's Counterclaim alleges breach of contract based on an employment agreement ("Agreement") purportedly signed by Plaintiff and a Microsoft witness. Defendant alleges that Plaintiff entered into a "valid and binding agreement" with Microsoft, which was supported by valuable consideration. (Counterclaim ¶ 1.) Defendant alleges it complied with the terms of the Agreement, paid Plaintiff compensation as consideration, and that Plaintiff's performance was not excused. (*Id.* ¶ 6.)

Defendant's Counterclaim has two parts. First, under paragraph 2 of the Agreement, Plaintiff agreed that her employment was "not for any specific or minimum term" and was "terminable at will." (Counterclaim ¶ 2.) She agreed that "prior representations to the contrary are void and superseded by th[e] Agreement" and that she was "not entitled to rely" and "shall not rely on any future representations to the contrary, whether written or verbal, express or implied by any statement, conduct, policy, handbook, guideline or practice" of Microsoft." (*Id.* ¶¶ 3–4.) Defendant alleges

---

[2] Hereinafter, "Answer" or "Counterclaim" refer to the respective Answer and Counterclaim portions of Dkt. No. 65.

"Plaintiff has breached the Employment Agreement by bringing claims against Defendant based on alleged representations contrary to the terms of the Employment Agreement." (*Id.* ¶ 7.)

Second, under paragraphs 3 and 8 of the Agreement, Plaintiff agreed she would: (i) not disclose to anyone outside of Microsoft nor use for any purpose, other than for work with Microsoft, any confidential or proprietary information; and (ii) immediately return documents and information obtained during her employment, including confidential information, when her employment ended. (Counterclaim ¶ 5.) Defendant alleges "Plaintiff breached the Employment Agreement by failing to comply with her non-disclosure obligations, including but not limited to by retaining confidential company documents and information after the end of her employment and transmitting confidential company documents and information to her counsel for purposes of their use by her in this litigation." (*Id.* ¶ 8.)

As a result of Plaintiff's alleged breaches of the Agreement, Defendant alleges it "has suffered the expenses of litigation and attorneys' fees and other damages, in an amount to be proven at trial." (*Id.* ¶ 9.)

### B. Summary of Arguments

Plaintiff argues that the Counterclaim must be dismissed for five primary reasons: "1) it does not plead facts sufficient to establish an enforceable contract; 2) it does not allege facts that establish a cognizable claim for breach of contract and consequential contractual damages; 3) it does not seek contractual damages that would flow from the breach of an enforceable contract; 4) it seeks to enforce a document that is not integrated and that contains provisions that are against the public policy of California; and, 5) of the two bases for the alleged breach, one is the statutory and constitutional right to seek redress (filing a lawsuit against her employer) and the other is protected conduct under the litigation privilege and the attorney-client privilege (giving documents to her lawyers)." (Mot. at 1–2.)

Defendant responds that (i) sufficient facts are pled to establish a contract and (ii) Plaintiff's alleged breaches are cognizable contract claims. Specifically, "Plaintiff is barred from asserting any 'employment agreement' or contract between herself and Microsoft other than the Employee Agreement that she signed at the outset of her employment. . . . [She] agreed not to disclose to anyone

outside of the Company, nor use for any purpose other than her work for Defendant, any confidential or proprietary information of Defendant.  She also agreed that when her employment ended she would immediately return documents and information obtained during her employment, including confidential information." (Opp. at 4.)  She breached the Agreement by alleging a breach of contract claim against Defendant "that directly contradict[s] the terms" of the Agreement, by retaining confidential documents after the end of her employment, and by transmitting them to her counsel. (*Id.*)  Regarding damages, Defendant argues that it has alleged litigation and attorneys' fees, as well as "other damages" to be proven at trial.

In addition, Defendant contends that Plaintiff's arguments regarding the validity of the Agreement and her public policy arguments are merit-based and inappropriate for resolution on a motion to dismiss.  Defendant notes that choice-of-law (between Washington law, as stated in the Agreement, versus California law) is not currently at issue.  (Opp. at 3–4 n.2.)  Finally, Defendant argues that the litigation and attorney-client privileges do not shield Plaintiff from the Counterclaim.

## II.  DISCUSSION

### A.  Motion to Dismiss

#### 1.  Federal Rule of Civil Procedure 12(b)(6)

"Federal Rule of Civil Procedure 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 554 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  The pleading is construed in the light most favorable to the non-moving party and all material allegations in it are taken to be true.  *Sanders v. Kennedy,* 794 F.2d 478, 481 (9th Cir. 1986).  However, even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986) (internal brackets and quotation marks omitted)).  Hence, the Court need not assume unstated facts, nor will it draw unwarranted inferences.  *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) ("Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing

court to draw on its judicial experience and common sense."); *Cousins v. Lockyer,* 568 F.3d 1063, 1067 (9th Cir. 2009); *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001) ("Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

Under *Twombly,* a plaintiff must not merely allege conduct that is conceivable but must instead allege "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly,* 550 U.S. at 556–57) (internal quotation marks omitted). In sum, if the facts alleged foster a reasonable inference of liability—stronger than a mere possibility—the claim survives; if they do not, the claim must be dismissed. *See Iqbal,* 556 U.S. at 678–79.

**2. Analysis**

As a preliminary matter, Defendant inadvertently omitted attaching the Agreement to its Amended Counterclaim, although the Counterclaim explicitly references it as an attachment. (*See* Opp. at 2–3 n.1.)[3] While Plaintiff notes Defendant's omission, she did not object to the consideration of the Agreement in this Motion. (*See* Mot. at 2 n.2; Reply at 1 n.1 ("Defendant has not yet included Exhibit A in its Amended Counterclaim or Opposition but notes that it was attached to its earlier filed original Counterclaim.").) Rather, Plaintiff addresses the substance of the "purported" Agreement throughout her Motion and Reply. Because Defendant's failure to attach the Agreement was inadvertent and Plaintiff does not actually object to its consideration, the Court will consider the Agreement attached to the previous counterclaim (Dkt. No. 52-1) for the purposes of this Motion as if it had been properly filed with the operative Amended Counterclaim.

---

[3] Defendant did attach the Agreement to the previous counterclaim. (Dkt. No. 52.)

District courts should not dismiss a breach of contract claim if the claim is based on a reasonable interpretation of the contract. *Sisley v. Sprint Commc'ns. Co., L.P.*, 284 F. App'x 463, 466 (9th Cir. 2008). Where the parties dispute the meaning of specific contract language, "the court must decide whether the language is 'reasonably susceptible' to the interpretations urged by the parties." *Thor Seafood Corp. v. Supply Mgmt. Servs.*, 352 F. Supp. 2d 1128, 1131 (C.D. Cal. 2005) (citing *Badie v. Bank of Am.*, 67 Cal. App. 4th 779, 798 (Cal. Ct. App. 1998)); *see also Klein v. Chevron U.S.A., Inc.*, 202 Cal. App. 4th 1342, 1384–85 (Cal. Ct. App. 2012) ("When reviewing whether a plaintiff has properly stated a cause of action for breach of contract, we must determine whether the alleged agreement is "reasonably susceptible" to the meaning ascribed to it in the complaint."). Contract interpretation is a question of law unless the interpretation turns upon the credibility of extrinsic evidence. *Thor Seafood*, 352 F. Supp. 2d at 1131 (citations omitted). The Court will address each of the alleged breaches of the Agreement in turn.

### a. First Breach: Asserting Any Contract with Microsoft Other than the Agreement

The Court agrees with Plaintiff that the Counterclaim must be dismissed to the extent Defendant alleges that Plaintiff is barred from relying on contradictory, prior representations from the Agreement as part of her own breach of contract claim. The alleged breach here is based on paragraph 2 of the Agreement, which is entitled "Employment Terminable At Will, With or Without Cause, By Employee or Microsoft." Taking Microsoft's allegations as true, the language of paragraph 2 does not bar reliance on any and all future representations. Paragraph 2 is pointedly in reference to Plaintiff's at-will status—the "representations to the contrary" and "future representations to the contrary" language follows statements regarding the "at-will" term. Further, paragraph 2 states that Plaintiff's at-will status may only be modified by a formal written agreement.

In contrast, Plaintiff's breach of the contract claim in her Third Amended Complaint relates to Microsoft's alleged promises of: (i) compensation based upon objective performance evaluations, and (ii) a policy of zero-tolerance in the workplace. Neither of these promises relate to at-will status. For these reasons, paragraph two does not support an interpretation that Plaintiff is barred from asserting "*any* 'employment agreement' or contract" other than the Agreement, nor that she is barred from

bringing a contract claim "based on alleged representations . . . that directly contradict the terms of the Employment Agreement." (Opp. at 4 (emphasis supplied).)

In sum, the Court finds this claim for breach is neither plausible nor a reasonable interpretation of paragraph 2 of the Agreement. The breach of contract claim based on the first breach (paragraphs 2–4 and 7 of the Counterclaim) is hereby **DISMISSED**. The Court does not believe that additional facts can be added to render Defendant's interpretation of the Agreement on the first breach plausible or reasonable, and thus the dismissal is **WITHOUT LEAVE TO AMEND**.[4]

### b. Second Breach: Disclosure of Confidential Documents and Failure to Return

The Court agrees with Defendant that the Counterclaim based on the second breach is cognizable and that sufficient facts have been alleged to state a claim. To state a breach of contract claim, a party must allege facts establishing the (1) existence of a contract, (2) the moving party's performance or excuse for nonperformance, (3) breach by the other party, and (4) resulting damages. *Sears v. Cnty. of Monterey*, No. C 11-01876 SBA, 2012 WL 368688, at *4 (N.D. Cal. Feb. 3, 2012) (citing *First Comm'l Mortg. Co. v. Reece*, 89 Cal. App. 4th 731, 745 (Cal. Ct. App. 2001)); *see also Nw. Indep. Forest Mfrs. v. Dep't of Labor & Indus.*, 899 P.2d 6, 9 (Wash. Ct. App. 1995) ("A breach of contract is actionable only if the contract imposes a duty, the duty is breached, and the breach proximately causes damage to the claimant.").[5] Defendant's allegations clearly identify two contractual obligations of Plaintiff's in paragraphs 3 and 8 of the Agreement. (Counterclaim ¶ 5.) The alleged breach provides sufficient factual allegations and is plausible. (*Id.* ¶ 8.) Defendant alleges that it has suffered damages in the form of "expenses of litigation and attorneys' fees and other damages, in an amount to be proven at trial." (*Id.* ¶ 9.) While the Court takes no position at this time on whether each of the categories of damages is appropriate, Defendant's allegation that "other

---

[4] Microsoft filed its Amended Counterclaim following Plaintiff's non-opposition to a motion for leave to amend. The Court notes that Defendant has already had the opportunity to allege new facts in support of its claim, but did not do so *despite* the fact that Plaintiff filed a motion to dismiss the previous counterclaim based on reasons also raised in the pending motion. This failure indicates leave to amend would be futile.

[5] Neither party has substantively addressed choice-of-law. Regardless, the elements for breach of contract are substantially similar in Washington and California, and thus it is unnecessary to decide that issue at this time.

damages" exist is sufficient at this juncture to state damages.  Given the nature of the claim—namely, that Plaintiff breached a contract by wrongfully taking and continuing to retain confidential documents—the possibility of nominal damages is sufficient.

Plaintiff's remaining arguments for dismissal are unpersuasive and premature at this juncture. First, Plaintiff argues that the Agreement violates California Labor Code section 221 (regarding deductions from salary) and Business & Professions Code section 16600 (void contracts), and the Agreement is therefore neither valid nor enforceable.  Determining the effect of any purportedly void provisions, however, goes beyond the scope of the pleadings and this Motion.  In particular, there is a severability provision in paragraph 14 of the Agreement stating that "[i]f a court declares any provision of this Agreement void, it shall be severed from this Agreement, the remainder of which shall remain in full force and effect."  (Agreement ¶ 14.)  The Court cannot determine, at this time, the effect of these provisions referenced above.

Plaintiff argues (for the first time in her Reply) that the Agreement is not valid because it "lacks integration of all the terms of employment (salary, benefits, etc.)" and "Defendant never signed it."  (Reply at 3.)[6]  Plaintiff provides no substantive argument on these points, other than to conclude they render the Agreement invalid.  In the Court's view, whether the Agreement is valid or enforceable based on these arguments cannot be determined on a motion to dismiss.

Finally, Plaintiff argues that the litigation privilege and/or attorney-client privilege shield Plaintiff's alleged conduct and a claim against her cannot be sustained.  On this point, Plaintiff's own argument shows that this issue is premature.  In her Motion, Plaintiff argues that "[W]hether the litigation privilege applies to an action for breach of contract turns on whether its application furthers the policies underlying the privilege."  (Mot. at 9 (citing *Wentland v. Wass*, 126 Cal. App. 4th 1484, 1492 (Cal. Ct. App. 2005)).)  She then states that based *"[o]n the facts of this case*, the litigation privilege bars Microsoft's Amended Counterclaim against Ms. Zody" and argues that Defendant's Counterclaim is retaliation against Plaintiff for filing her own lawsuit.  (Mot. at 9 (emphasis

---

[6] The Court notes that it is improper to raise new arguments in a reply.  *See Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n.2 (9th Cir. 1993) (presenting new information in a reply is improper and deprives the opposing party of an opportunity to respond).

8

supplied).) Plaintiff also attempts to justify her conduct of sharing confidential documents with counsel by emphasizing that the documents were rightfully in her possession when she obtained them, that she was obligated to comply with her "litigation duties," and/or that ultimately there is no harm to Microsoft because there is a protective order in this action. These arguments are factual in nature and extend beyond the scope of the pleadings. The Court also notes that Plaintiff fails to address her failure to return documents after her employment ended, which is a separate issue from the sharing of documents with counsel and privilege.

For the foregoing reasons, Plaintiff's Motion to Dismiss the Counterclaim based on the second breach (paragraphs 5 and 8 of the Counterclaim) is **DENIED**.

### B. Motion to Strike

#### 1. Federal Rule of Civil Procedure 12(f)

Fed. R. Civ. P. 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense may be insufficient as a matter of pleading or a matter of law. *Security People, Inc. v. Classic Woodworking, LLC,* No. C-04-3133, 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat. Bank,* 607 F.2d 824, 827 (9th Cir. 1979). What constitutes fair notice depends on the particular defense in question. 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure ("FPP") § 1381 (3d ed. 2004). While a defense need not include extensive factual allegations in order to give fair notice (*Security People, Inc.,* 2005 WL 645592, at *2) bare statements reciting mere legal conclusions may not be sufficient. *CTF Development, Inc. v. Penta Hospitality, LLC,* No. C 09-02429, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009). Because motions to strike a defense as insufficient are disfavored, they "will not be granted if the insufficiency of the defense is not clearly apparent." FPP § 1381; *SEC v. Sands,* 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) ("Even when the defense under attack presents a purely legal question, courts are reluctant to determine disputed or substantial questions of law on a motion to strike.").

To strike an affirmative defense, the moving party must demonstrate "that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of

circumstances could the defense succeed." *Cal. Dep't of Toxic Substances Control v. Alco Pacific, Inc.,* 217 F. Supp. 2d 1028, 1032 (C.D. Cal. 2002) (quoting *Sands,* 902 F. Supp. at 1165). "The grounds for the motion must appear on the face of the pleading under attack or from matter which the court may judicially notice." *Sands,* 902 F. Supp. at 1165. When considering a motion to strike, the court "must view the pleadings in a light most favorable to the pleading party." *In re 2TheMart.com, Inc. Securities Litig.,* 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). Where a court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the moving party. *Wyshak,* 607 F.2d at 826; *Qarbon.com Inc. v. eHelp Corp.,* 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004).

Although the Ninth Circuit has not yet addressed the issue, numerous courts in the Northern District of California have applied the *Iqbal-Twombly* pleading standard to affirmative defenses. *See e.g.*, *Prime Media Group LLC v. Acer Am. Corp.*, No. 12-cv-05020 EJD, 2013 WL 621529, at *2 n.2 (N.D. Cal. Feb. 19, 2013); *Ansari v. Elec. Document Processing, Inc.*, No. 12-cv-01245-LHK, 2013 WL 664676, at *2–3 (N.D. Cal. Feb. 22, 2013); *Diamond State Ins. Comp. v. Marin Mountain Bikes Inc.*, No. C 11-5193 CW, 2012 WL 6680259, at *7 (N.D. Cal. Dec. 21, 2012); *Pagemelding Inc. v. ESPN Inc.*, No. C 11-06263 WHA, 2012 WL 3877686, at *3 (N.D. Cal. Sept. 6, 2012).

### 2. Analysis

Defendant asserts 28 affirmative defenses in its Answer to Plaintiff's Third Amended Complaint. Of these 28 defenses, Plaintiff moves to strike defense nos. 3–5, 7–8, 12–16, 18–24 and 28 on the grounds of failure to give fair notice and failure to provide sufficient factual bases for each of these defenses. The Court rules as follows regarding each affirmative defense:

<u>Affirmative Defense No. 3</u> – **DENIED**. This is a proper affirmative defense and Plaintiff has sufficient notice of the defense at this stage.

<u>Affirmative Defense No. 4</u> – **STRICKEN WITH LEAVE TO AMEND**. Defendant's affirmative defense fails to state any facts beyond a formulaic recitation of the defense and does not provide fair notice. *See State Dept. of Health Servs. v. Super. Ct.*, 31 Cal. 4th 1026, 1044 (2003).

<u>Affirmative Defense No. 5</u> – **STRICKEN WITH LEAVE TO AMEND**. This defense appears to be the "business necessity" defense defined in 2 C.C.R. section 7286.7(b) (Affirmative Defenses to

10

Employment Discrimination).  Defendant provides no notice to Plaintiff of the basis for this defense and merely recites a legal standard.  Specifically, Defendant does not identify any action, policy, or practice to which the business necessity defense applies, nor is it clear how "safe and efficient operation[s]" of Microsoft are implicated in this action.

<u>Affirmative Defense No. 7</u> **– STRICKEN WITH LEAVE TO AMEND**.  The managerial privilege operates to shield a person in a managerial or supervisory role for a company or client from personal liability to an injured party for injury stemming from a contract between the company and the injured. *E.E.O.C. v. Interstate Hotels, LLC*, No. C 04-04092 WHA, 2005 WL 885604, at *2 (N.D. Cal. Apr. 14, 2005).  Defendant does not identify to whom the managerial privilege applies.

<u>Affirmative Defense No. 8</u> – the first portion of this affirmative defense is **STRICKEN WITHOUT LEAVE TO AMEND**.  The defense that Plaintiff's claims are preempted by Workers' Compensation laws is insufficient as a matter of law.  *See Interstate Hotels*, 2005 WL 885604, at *3 ("[T]he Ninth Circuit has held that under California law the exclusive remedy provision of worker's compensation law does not preclude employees from pursuing claims under FEHA.") (citing *Buckley v. Gallo Sales Co.,* 949 F. Supp. 737, 746 (N.D. Cal. 1996)).

The Motion to Strike is **DENIED** as to second portion of this affirmative defense.  Set-off is a valid affirmative defense.

<u>Affirmative Defense No. 12</u> – **STRICKEN WITH LEAVE TO AMEND**.  Defendant must specify the statute of limitation allegedly barring Plaintiff's claims, or the length of the limitation period. *Monster Cable Products, Inc. v. Avalanche Corp.*, No. C-08-4792 MMC, 2009 WL 650369, at *2 (N.D. Cal. Mar. 11, 2009).

<u>Affirmative Defense No. 13</u> – **DENIED**.  This defense indicates that Defendant will proffer a legitimate, nondiscriminatory reason for the ultimate adverse action, affecting the burden of persuasion and the presumption of discrimination.  The Court finds it appropriate to allow this defense to remain, as Plaintiff has sufficient notice of the defense at this stage.

<u>Affirmative Defense No. 14</u> – **DENIED**.  Plaintiff has sufficient notice of the defense at this stage.  *See* no. 13.

11

Affirmative Defense No. 15 – **STRICKEN WITH LEAVE TO AMEND**.  This defense is facially redundant of no. 13.

Affirmative Defense No. 16 – **STRICKEN WITH LEAVE TO AMEND**.  This defense is facially redundant of no. 13.

Affirmative Defense No. 18 –  **DENIED**.  This defense is specifically listed in Fed. R. Civ. P. 8(c) and provides fair notice to Plaintiff.

Affirmative Defense No. 19 – **STRICKEN WITHOUT LEAVE TO AMEND**.   The burden of demonstrating Defendant's obligation to perform is on Plaintiff.  Denials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claims are not affirmative defenses." *G & G Closed Circuit Events, LLC v. Nguyen*, No. 12-cv-03068 EJD, 2013 WL 132471, at *3 (N.D. Cal. Jan. 9, 2013).

Affirmative Defense No. 20 – **STRICKEN WITHOUT LEAVE TO AMEND**.  According to Defendant, this defense alternatively pleads that Plaintiff breached the contract she alleges in the Third Amended Complaint, if a contract did exist.  (Opp. at 12.)  This defense addresses an element of Plaintiff's affirmative case—*i.e.*, whether she performed or is excused from performance.  *See* no. 19.

Affirmative Defense No. 21 – **DENIED**.  Plaintiff has sufficient notice of the defense at this stage.

Affirmative Defense No. 22 – **STRICKEN WITHOUT LEAVE TO AMEND**.  Employment contracts that have the potential of lasting less than one year are exempt from the statute of frauds. *Abeyta v. Super. Ct.*, 17 Cal. App. 4th 1037, 1041–42 (Cal. Ct. App. 1993); *Duncan v. Alaska USA Fed. Credit Union, Inc.*, 199 P.3d 991, 1001 (Wash. Ct. App. 2008) ("A contract for continuing performance that fails to specify the intended duration is terminable at will and is therefore outside of the statute of frauds.").  According to the Agreement proffered by Defendant, Plaintiff's employment was "at-will" and had the potential to terminate in less than one year.  Therefore, Plaintiff's claim is exempt from the statute of frauds.

Affirmative Defense No. 23 – **STRICKEN WITH LEAVE TO AMEND**.  It is unclear what double recovery is contemplated here, and this defense as pled is redundant of the set-off affirmative defense in no. 8.

Affirmative Defense No. 24 – **STRICKEN WITH LEAVE TO AMEND**.  This defense is a denial of Plaintiff's claim, not an affirmative defense.  *G & G Closed Circuit Events*, 2013 WL 132471, at *3 (denials of the allegations in the Complaint or allegations that the Plaintiff cannot prove the elements of his claim are not affirmative defenses).  To the extent that Defendant intends this as a third-party defense, it is not pled with sufficient particularity to provide fair notice.

Affirmative Defense No. 28 – **STRICKEN WITH LEAVE TO AMEND**.  Insufficient facts are provided to support this defense.  *G & G Closed Circuit Events, LLC*, 2013 WL 132471, at *2 ("Defendants' claim that punitive damages are unconstitutional is nothing more than a statement of opinion in its current form.  Without additional development from Defendants, Plaintiff cannot ascertain the basis for these affirmative defenses.").

### III. CONCLUSION

For the foregoing reasons, the Court:

- **GRANTS** Plaintiff's Motion to Dismiss the first breach of contract based on paragraphs 2–4 and 7 of the Amended Counterclaim;
- **DENIES** Plaintiff's Motion to Dismiss the second breach of contract based on paragraphs 5 and 8 of the Amended Counterclaim;
- **STRIKES WITH LEAVE TO AMEND** Defendant's affirmative defense nos. 4, 5, 7, 12, 15, 16, 23, 24, and 28;
- **STRIKES WITHOUT LEAVE TO AMEND** Defendant's affirmative defense nos. 8 (first portion), 19, 20, and 22; and
- **DENIES** Plaintiff's Motion to Strike affirmative defense nos. 3, 8 (second portion), 13, 14, 18, and 21.

Defendant's amended Answer and Counterclaim must be filed within fourteen (14) days from the date of this Order.  However, as stated above, the dismissal as to the first breach is **WITHOUT LEAVE TO AMEND**.

This Order terminates Dkt. No. 75.

**IT IS SO ORDERED**.

Dated: June 7, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**