UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S. ZODY,<br><br>    Plaintiff,<br><br>vs.<br><br>MICROSOFT CORPORATION,<br><br>    Defendant. | Case No.: C-12-00942-YGR<br><br>**ORDER GRANTING DEFENDANT LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF LEAVE TO FILE MOTION UNTIL FURTHER ORDER OF THE COURT; AND VACATING PRE-FILING CONFERENCE** |

The Court has reviewed the parties' pre-filing conference letters regarding their anticipated summary judgment motions. The Court finds that given the representations in the letters and the Court's intimate familiarity with the parties and this factual background in this action, a pre-filing conference is unnecessary. The conference scheduled for July 24, 2013 at 10:00 a.m. is hereby **VACATED**.

Defendant Microsoft Corporation is **GRANTED** leave to file its summary judgment motion as detailed in its letter. However, the Court is skeptical that no triable issues of fact exist as to the defenses of mitigation and unclean hands. The Court strongly urges Defendant to re-evaluate the basis for moving for summary judgment on these defenses, taking into account Defendant's and counsel's Rule 11 obligations.

As to Plaintiff's summary judgment motion, the Court finds that the issues are not yet ripe in light of pending discovery disputes. As such, Plaintiff is **DENIED** leave to file her motion at this time. The Court will issue a separate order granting Plaintiff leave once the discovery issues have been resolved.

The Court hereby **VACATES** the deadline in the Case Management and Pretrial Order (Dkt. No. 44) which requires that dispositive motions to be heard by August 27, 2013.  No other deadline is affected by this Order.

For the motions addressed in this Order, the Court waives the requirement of separate statements.  However, the Court requires that *all* summary judgment filings by both parties be provided in binders with indexes, tabs, and all relevant excerpts highlighted or bracketed.  If any supplemental documents are filed, indexes and tabs must be provided such that the documents can be inserted into the previously-provided binders.

The parties are further reminded that on summary judgment motions, courts "treat judicial records attached to dispositive motions differently from records attached to non-dispositive motions.  Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).  The parties are urged to evaluate whether redaction of non-dispositive information can adequately address concerns of privacy.  In addition, the parties shall consult the Civil Local Rules and General Order No. 62 regarding the procedures for motions to seal, if any shall be filed.  The Court may reject chambers copies that do not comply with the requirements set forth therein.

**IT IS SO ORDERED**.

Dated: July 22, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**