UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| S. ZODY, | No. C 12-00942 YGR (LB) |
| Plaintiff, | **ORDER RE: JOINT LETTER BRIEFS** |
| v. | [Re: ECF Nos. 92 & 93] |
| MICROSOFT CORPORATION, | |
| Defendant. | |
| _____/ | |

## INTRODUCTION

In this employment discrimination case, the parties have discovery disputes. *See* Joint Letter Briefs, ECF Nos. 92 and 93. The court held a hearing on July 24, 2013, and the parties informed the court that they had reached a tentative settlement. Microsoft intimated that it mooted the discovery differences, and Ms. Zody suggested that the court should decide the disputes anyway. Based on the joint letters filed and the arguments of counsel in this and the related case *Oliver v. Microsoft Corp.*, No. C 12 00943 RS (which raises similar issues), the court grants discovery regarding the confidential documents and orders disclosure of the factual investigation that it ordered previously in *Oliver* in April 2013. *See Oliver*, No. C 12 00943 RS, 4/5/13 Order, ECF No. 72.

## ANALYSIS

**I. MICROSOFT'S DISCOVERY REQUESTS RE CONFIDENTIAL DOCUMENTS**

Ms. Zody had an employment agreement with Microsoft that required her not to disclose

1   confidential information to anyone outside of Microsoft during her employment. Joint Letter Brief,
2   ECF No. 92 at 1. She filed this lawsuit when she was still employed at Microsoft and produced
3   confidential documents back to Microsoft in response to discovery requests. *Id.* Microsoft wants
4   her to admit that she provided the documents to her attorney, admit that she was employed by
5   Microsoft when she produced them, admit that the information was confidential, admit that her
6   employment agreement required her to return documents when she left, admit that a failure to return
7   confidential documents is a breach of her employment contract or provide reasons why it was not,
8   and admit that her attorney abetted her breach. *Id.*

9   Here, unlike in the lawsuit in *Oliver v. Microsoft*, C 12-00943 RS, Microsoft has alleged a
10  counterclaim for breach of contract based on the disclosure of Microsoft's confidential documents.
11  The information thus "is relevant to any party's claim or defense." *See* Fed. R. Civ. P. 26(b)(2)(C).
12  As to whether the dates that Ms. Zody provided documents are privileged, the weight of authority
13  provided by Microsoft establishes that the dates are not privileged. *See* Joint Brief, ECF No. 92 at 2-
14  3 (citing *Morrocco v. Hill*, 2013 U.S. Dist. LEXIS 10211, at *7-8 (D. Nev. Jan. 24, 2013); *Samuels
15  v. Mix*, 22 Cal. 4th 1, 20 n.5 (1999); *Aerojet-General Corp. v. Transport Indemnity Ins.*, 18 Cal.
16  App. 4th 996, 1004-05 (1993)).

17  As to the burdens, Ms. Zody's counsel points out that figuring out every communication over the
18  two years of her representation is burdensome and veers into a harassing intrusion into the attorney-
19  client relationship. *Id.* at 5. The court agrees. It is hard to see why the exact dates are so important:
20  the timing of production either shows or does not show whether she was employed at the time of
21  production. That being said, for the documents produced back, it is not a burden for Ms. Zody and
22  her lawyer to confirm one way or another whether she produced them to her attorney while she was
23  at Microsoft or after she left. This fact clarification addresses disputed facts and streamlines
24  disputed facts at trial. *See Apple v. Samsung Elecs. Co.*, 2012 U.S. Dist. LEXIS 38508, *24-25
25  (N.D. Cal. Mar. 20, 2012). If exact dates can be provided relatively easily, Ms. Zody should provide
26  them. If not, then the fact clarification can be tied to whether Ms. Zody was employed at Microsoft.

27  As to the requests for admission in numbers three through six, these are legal conclusions and
28  they are not the application of law to facts that Microsoft suggests. *See id.* at *16-27 (discussing the

1  distinction between pure legal questions and legal conclusions or opinions that relate to the facts of a
2  case). The fact points here are easy and should be addressed. The pure legal conclusion about
3  whether undisputed facts are a breach of contract is a question for summary judgment.

## II. THE DISCOVERABILITY OF THE MIMS REPORT

This issue is related to a similar issue in *Oliver v. Microsoft*, No. C 12-00943 RS. There, the court ordered disclosure of the factual information in Microsoft's internal investigation (but not privileged communications). 4/5/13 Order, ECF No. 72 at 1-4 (noting that communications are not privileged merely because lawyers make them). The balance that the court struck was for fact illumination as a way to avoid deposing the high-level Microsoft employees Ms. Oliver wanted to depose. *See id.* Microsoft then gave over the notes of interviews and emails. Joint Letter Brief, ECF No. 93 at 1. It withheld what the court thought was an actual typed-up report that the investigator (an in-house attorney named Judy Mims) prepared and argues that it was prepared for and at the direction of Microsoft's in-house counsel to enable her to provide legal advice to HR and management. *Id.* As it turns out, at the hearing, Microsoft clarified that there was no report (at least in the sense that was the court's understanding following the previous discovery hearing) and instead, there was certain fact investigation that was disclosed (along with documentation that had been provided to in-house counsel in PDF form on a separate CD). The remaining information at stake is three emails sent directly to in-house counsel. *Id.* at 2.

The court's prior order in *Oliver* directed the disclosure of the fact investigation. It was not the intent to provide confidential communications but only fact investigation separate from those communications. The emails themselves to counsel are not fact investigation but privileged communications. That being said, the court's order was to produce the fact investigation, and Microsoft should be sure that it has done so.

## CONCLUSION

This disposes of ECF Nos. 92 & 93.

**IT IS SO ORDERED.**

Dated: July 24, 2013

LAUREL BEELER
United States Magistrate Judge